| Prob 22 (2/98) | | DOCKET NUMBER (Tran Court) 0863 3:05CR00563-001 |
|---|---|---|
| **TRANSFER OF JURISDICTION** | | DOCKET NUMBER (Rec Court) 08 CR 573 |

| NAME AND ADDRESS OF PROBATION/SUPERVISED RELEASEE:<br><br>Jayson Harris | DISTRICT<br>Southern Iowa | DIVISION<br>Central |
|---|---|---|
| | NAME OF SENTENCING JUDGE<br><br>Harold D. Vietor<br>Senior U. S. District Judge | |
| | DATES OF PROB/TSR RELEASE | FROM<br>2/1/2008 | TO<br>1/31/2011 |

| OFFENSE<br><br>18:1343 - Wire Fraud (Ct. 28)<br>18:1029(a)(3) - Fraud and Related Activity in Connection with Access Devices (Ct. 76) | **08 CR    573**<br><br>**JUDGE ZAGEL** |
|---|---|

**MAGISTRATE JUDGE COX**

**PART 1 - ORDER TRANSFERRING JURISDICTION**

UNITED STATES DISTRICT COURT FOR THE SOUTHERN DISTRICT OF IOWA

IT IS HEREBY ORDERED that pursuant to 18 U.S.C. 3605 the jurisdiction of the probationer or supervised releasee named above be transferred with the records of the Court to the United States District Court for the **Northern District of Illinois** upon that Court's order of acceptance of jurisdiction. This Court hereby expressly consents that the period of probation or supervised release may be changed by the District Court to which this transfer is made without further inquiry of this Court.*

Dated: July 9, 2008

_Harold D. Vietor_
Senior U.S. District Judge

\* This sentence may be deleted in the discretion of the transferring Court.

**PART 2 - ORDER ACCEPTING JURISDICTION**

UNITED STATES DISTRICT COURT FOR THE NORTHERN DISTRICT OF ILLINOIS

IT IS HEREBY ORDERED that jurisdiction over the above-named probationer/supervised releasee be accepted and assumed by this Court from and after the entry of this order.

JUL 1 7 2008
_____
Date

_James F. Holderman_
_____
United States District Judge

A TRUE COPY ATTEST
MICHAEL W. DOBBINS, CLERK

BY _____
DEPUTY CLERK
U.S. DISTRICT COURT, NORTHERN
DISTRICT OF ILLINOIS
JUL 2 8 2008
DATE:

**FILED**
8-7-08
AUG 0 7 2008

**MICHAEL W. DOBBINS**
**CLERK, U.S. DISTRICT COURT**



**UNITED STATES DISTRICT COURT**
NORTHERN DISTRICT OF ILLINOIS
219 SOUTH DEARBORN STREET
CHICAGO, ILLINOIS 60604

**MICHAEL W. DOBBINS**

312-435-5698

**July 28, 2008**

Southern District of Iowa
Ms. Marjorie E. Krahn, Clerk
United States District Court
Post Office Box 9344
Des Moines, IA 50306-9344

Dear Clerk:

**Re: 0863 3:05CR00563-001    USA v. Jayson Harris    Judge Harold D. Vietor**

Our Case Number:  08 CR 573  ⋅ Northern District of Illinois

Enclosed is a certified copy of the Probation Form 22, Transfer of Jurisdiction, regarding, which has been accepted and assumed by this Court in the Northern District of Illinois, Eastern Division.

Please forward a certified copy of the indictment/information, judgment and docket along with the enclosed copy of this letter to the United States District Court at the above address. Your prompt attention to this matter is greatly appreciated.

Sincerely,

Michael W. Dobbins
Clerk

by:  Marsha E. Glenn
Deputy Clerk

Enclosure

# UNITED STATES DISTRICT COURT
## OFFICE OF THE CLERK
## SOUTHERN DISTRICT OF IOWA

### 131 E. 4th Street , Room 150,
### Davenport, Iowa  52801     Tel:  (563) 884-7607

August 4, 2008

**FILED**
8-7-08
AUG 0 7 2008

Clerk, U.S. District Court
Northern District of Illinois
219 South Dearborn Street
Chicago, IL 60604

**MICHAEL W. DOBBINS
CLERK, U.S. DISTRICT COURT**

**Re:     PROB 22 Transfer of Case for Term of Supervised Release/Probation
          USA v. JAYSON HARRIS, S.D. Ia.  Case No. 3:05-cr-563**

Dear Clerk of Court:

Please find enclosed certified copies of the docket, indictment, judgment, and either a satisfaction of judgment or statement of account in the above captioned case.  If a statement of account is enclosed, please provide a copy to your finance department.  This case is being transferred to your district for supervision of the defendant post-judgment.  Jurisdiction has been transferred to your district, and we have closed our case file.

Please confirm receipt of this paperwork by signing and returning a copy of this letter indicating the case number which has been assigned in your district.  Thank you for your cooperation.  If you need anything further or have any questions, please feel free to call me.

Sincerely,

MARGE KRAHN, CLERK

Brian Phillips
Deputy Clerk

Encs.

Received in Eastern District of Illinois on _____(date).

Case number assigned in E.D. Illinois:  _____.

TERMED

# U.S. District Court
## United States District Court for the Southern District of Iowa (Davenport)
## CRIMINAL DOCKET FOR CASE #: 3:05-cr-00563-HDV-TJS All Defendants
## Internal Use Only

Case title: USA v. Harris

Date Filed: 08/16/2005
Date Terminated: 05/19/2006

---

Assigned to: Senior Judge Harold D. Vietor
Referred to: Magistrate Judge Thomas J. Shields

### Defendant (1)

**Jayson Harris**
*TERMINATED: 05/19/2006*

represented by **Kevin Ray Cmelik-FPD**
FEDERAL PUBLIC DEFENDER
101 W SECOND STREET
SUITE 401
DAVENPORT, IA 52801
563 322 8931
Fax: 563 383 0052
*TERMINATED: 08/04/2008*
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*
*Designation: Public Defender or Community Defender Appointment*

**Terence L McAtee**
IOWA FEDERAL PUBLIC DEFENDER
101 W 2ND ST
STE 401
DAVENPORT, IA 52801-1815
563-322-8931
Fax: 563-383-0052
Email: terry_mcatee@fd.org
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*
*Designation: Public Defender or Community Defender Appointment*

### Pending Counts

### Disposition

FRAUD BY WIRE, RADIO, OR
TELEVISION/Wire Fraud; 18:1343
and 18:2
(28)

Defendant is sentenced to 21 months
imprisonment, to be served
concurrently with the term imposed on
Count Seventy-Six; 3 years supervised
release to be served concurrently with
the term imposed on Count Seventy-
Six; $100 special assessment

PRODUCES/TRAFFICS IN
COUNTERFEIT DEVICE: Fraud And
Related Activity In Connection With
Access Devices
(76s)

Defendant is sentenced to 21 months
imprisonment, to be served
concurrently with the term imposed on
Count Twenty-Eight; 3 years supervised
release to be served concurrently with
the term imposed on Count Twenty-
Eight; $100 special assessment

PRODUCES/TRAFFICS IN
COUNTERFEIT DEVICE: Forfeiture
(77s)

**Highest Offense Level (Opening)**

Felony

| **Terminated Counts** | **Disposition** |
|---|---|
| FRAUD BY WIRE, RADIO, OR TELEVISION/Wire Fraud; 18:1343 and 18:2 (1-27) | Dismissed at sentencing on Gov. motion. |
| FRAUD BY WIRE, RADIO, OR TELEVISION/Wire Fraud; 18:1343 and 18:2 (29-75) | Dismissed at sentencing on Gov. motion. |

**Highest Offense Level (Terminated)**

Felony

| **Complaints** | **Disposition** |
|---|---|
| None | |

**Plaintiff**

USA                    represented by  **Joel W Barrows**
                                       U S Attorney's Office
                                       U.S. Courthouse
                                       Suite 310
                                       131 East 4th Street
                                       Davenport, IA 52801

563 449 5432
Fax: 563 449 5433
Email: Joel.Barrows@USDOJ.gov
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

| Date Filed | # | Docket Text |
|---|---|---|
| 08/04/2008 | 50 | Supervised Release Jurisdiction Transferred to Northern District of Illinois (Eastern Divivion) as to Jayson Harris. Transmitted Transfer of Jurisdiction form, with certified copies of indictment, judgment, docket sheet, and statement of account. (bp, ) (Entered: 08/04/2008) |
| 08/11/2006 | 49 | FINAL ORDER OF FORFEITURE of Property as to Jayson Harris (1). See Order for particulars. Entered by Judge Harold D. Vietor on 8/11/2006. (mel) (Entered: 08/11/2006) |
| 08/10/2006 | 48 | Final MOTION for Forfeiture of Property by USA as to Jayson Harris. Responses due by 8/22/2006 (Attachments: # 1 Proposed Final Order of Forfeiture)(Gaumer, Craig) (Entered: 08/10/2006) |
| 08/08/2006 | 47 | Judgment Returned Executed as to Jayson Harris on 7/28/06. Defendant committed to FMC Rochester, MN. (dv, ) (Entered: 08/09/2006) |
| 07/24/2006 | 46 | NOTICE filed by USA as to Jayson Harris. USM 285 return. (jl ) (Entered: 07/26/2006) |
| 07/05/2006 | 45 | ORDER EXTENDING SELF-SURRENDER DATE as to Jayson Harris to July 28, 2006. See Order for particulars. Entered by Judge Harold D. Vietor on 7/5/2006. (mel) (Entered: 07/05/2006) |
| 05/19/2006 | 44 | Sealed Document (bp, ) (Entered: 05/22/2006) |
| 05/19/2006 | | Sealed Document (bp, ) (Entered: 05/22/2006) |
| 05/19/2006 | 43 | JUDGMENT as to Jayson Harris (1), Count(s) 1-27, 29-75, Dismissed at sentencing on Gov. motion.; Count(s) 28, Defendant is sentenced to 21 months imprisonment, to be served concurrently with the term imposed on Count Seventy-Six; 3 years supervised release to be served concurrently with the term imposed on Count Seventy-Six; $100 special assessment; Count(s) 76s, Defendant is sentenced to 21 months imprisonment, to be served concurrently with the term imposed on Count Twenty-Eight; 3 years supervised release to be served concurrently with the term imposed on Count Twenty-Eight; $100 special assessment . Entered by Harold D. Vietor on 5/19/2006. OJ 329-57 (bp, ) Modified on 5/22/2006 (bp, added "OJ #329-57" ). (Entered: 05/22/2006) |
| 05/19/2006 | 42 | (Court only) WITNESS LIST as to Jayson Harris in re 41 Sentencing. (bp, ) (Entered: 05/22/2006) |
| 05/19/2006 | 41 | Minute Entry for proceedings held before Judge Harold D. Vietor : Sentencing held on 5/19/2006 for Jayson Harris (1), Count(s) 1-27, 29-75, Dismissed at sentencing on Gov. motion.; Count(s) 28, Defendant is |

| | | |
|---|---|---|
| | | sentenced to 21 months imprisonment, to be served concurrently with the term imposed on Count Seventy-Six; 3 years supervised release to be served concurrently with the term imposed on Count Seventy-Six; $100 special assessment; Count(s) 76s, Defendant is sentenced to 21 months imprisonment, to be served concurrently with the term imposed on Count Twenty-Eight; 3 years supervised release to be served concurrently with the term imposed on Count Twenty-Eight; $100 special assessment. (Court Reporter Kara Sullivan.)(Time:10:40am-11:50am) (bp, ) (Entered: 05/22/2006) |
| 05/18/2006 | 40 | Errata 39 Sentencing Memorandum/Brief filed by USA, (Barrows, Joel) (Entered: 05/18/2006) |
| 05/17/2006 | 39 | SENTENCING MEMORANDUM/BRIEF by USA as to Jayson Harris (Barrows, Joel) (Entered: 05/17/2006) |
| 05/17/2006 | | (Court only) ***Clerk Staff Notes as to Jayson Harris: Emailed attorney about adding descriptions to attachments. Added description to attachment to doc. #38. (sk, ) (Entered: 05/17/2006) |
| 05/16/2006 | 38 | SENTENCING MEMORANDUM/BRIEF by Jayson Harris (Attachments: # 1)(Cmelik, Kevin) (Entered: 05/16/2006) |
| 04/28/2006 | | Judge update in case as to Jayson Harris. Judge Harold D. Vietor added. Judge Unassigned no longer assigned to case. (rmj) (Entered: 04/28/2006) |
| 04/27/2006 | 37 | TEXT Minute Entry for proceedings held before Judge Thomas J. Shields: Status Conference as to Jayson Harris held on 4/27/2006. Present were K Cmelik, J Barrows, and P Sax. Sentencing set for 5/19/2006 10:30 AM before Senior Judge Harold D. Vietor. [8:40-8:41] (Court Reporter NONE.) (rmj) (Entered: 04/28/2006) |
| 04/11/2006 | 36 | ORDER granting 34 Motion for Forfeiture of Property as to Jayson Harris (1). SEE ORDER FOR PARTICULARS. Entered by Judge James E. Gritzner on 4/11/2006. (nlh) (Entered: 04/11/2006) |
| 04/10/2006 | 35 | TEXT ORDER as to Jayson Harris. Status Conference reset from 4/13/06 to 4/27/2006 08:30 AM before Magistrate Judge Thomas J. Shields per USPO request. Entered by R Johnson for Marjorie Krahn, Clerk on 4/10/2006. (rmj) (Entered: 04/10/2006) |
| 04/10/2006 | 34 | MOTION for Forfeiture of Property by USA as to Jayson Harris. Responses due by 4/20/2006 (Attachments: # 1 Proposed Preliminary Order of Forfeiture)(Gaumer, Craig) (Entered: 04/10/2006) |
| 03/20/2006 | 33 | TEXT ORDER as to Jayson Harris. Status Conference reset from 3/30/06 to 4/13/2006 08:30 AM before Magistrate Judge Thomas J. Shields per Court order. Entered by R Johnson for Marjorie Krahn, Clerk on 3/20/2006. (rmj) (Entered: 03/20/2006) |
| 01/20/2006 | 32 | Warrant of Arrest Returned Executed on 8/22/05 in case as to Jayson Harris. (jl ) (Entered: 01/20/2006) |
| 01/18/2006 | 31 | TEXT ORDER adopting Report and Recommendations re 28 Plea of Guilty |

| | | |
|---|---|---|
| | | as to Jayson Harris (1). There has been no timely objection to the Report and Recommendation of the United States Magistrate Judge recommending that the guilty plea be accepted. Therefore, pursuant to the provisions of 28 U.S.C. Section 636(b)(1), the Defendant's plea of 12/30/2005 is now accepted. Entered by Judge James E. Gritzner on 1/18/2006. (nlh) (Entered: 01/18/2006) |
| 12/30/2005 | 30 | MOTION REFERRAL - NO DOCUMENT - as to Jayson Harris REFERRED to Judge Gritzner. 28 REPORT AND RECOMMENDATION CONCERNING PLEA OF GUILTY as to Jayson Harris by Thomas J. Shields. (rmj) (Entered: 01/03/2006) |
| 12/30/2005 | 29 | ORDER for Status Conference as to Jayson Harris. Entered by Thomas J. Shields on 12/30/2005. (rmj) (Entered: 01/03/2006) |
| 12/30/2005 | 28 | REPORT AND RECOMMENDATION CONCERNING PLEA OF GUILTY as to Jayson Harris by Thomas J. Shields to Judge Gritzner. Objections to R&R due by 1/17/2006. Entered by Thomas J. Shields on 12/30/2005. (rmj) (Entered: 01/03/2006) |
| 12/30/2005 | 27 | PLEA AGREEMENT as to Jayson Harris (rmj) (Entered: 01/03/2006) |
| 12/30/2005 | 26 | NOTICE AND CONSENT RE ENTRY OF PLEA OF GUILTY by Jayson Harris, USA (rmj) (Entered: 01/03/2006) |
| 12/30/2005 | 25 | Minute Entry for proceedings held before Judge Thomas J. Shields : Change of Plea Hearing as to Jayson Harris held on 12/30/2005. Status Conference set for 3/30/2006 08:30 AM before Magistrate Judge Thomas J. Shields. (Court Reporter Heidi Weston.) (rmj) (Entered: 01/03/2006) |
| 12/23/2005 | 24 | ORDER TO CONTINUE - Ends of Justice as to Defendant Jayson Harris. The Court sets a Change of Plea date for December 30, 2005, at 2:30pm. Trial reset for January 30, 2006, at 9:00am and the pretrial conference set for January 18, 2006, at 9:00am in Rock Island, IL. A new pretrial motion deadline is January 10, 2006 . Entered by Thomas J. Shields on 12/23/2005. (bp, ) (Entered: 12/23/2005) |
| 12/20/2005 | 23 | Text Minute Entry for proceedings held before Judge Thomas J. Shields : Pretrial Conference as to Jayson Harris held on 12/20/2005. Counsel for defendant has requested a plea date. Court sets a change of plea date for December 30, 2005 at 2:30pm but, if plea does not take place the matter is continued until the January 30, 2006, trial setting. Change of Plea Hearing set for 12/30/2005 02:30 PM before Magistrate Judge Thomas J. Shields. Jury Trial set for 1/30/2006 09:00 AM before Judge Unassigned. Motions due by 1/10/2006. Pretrial Conference set for 1/18/2006 09:00 AM before Magistrate Judge Thomas J. Shields. (Tape #274 (1518-1565.) (Time:9:52am-9:53am) (bp, ) (Entered: 12/20/2005) |
| 11/16/2005 | 22 | ORDER TO CONTINUE - Ends of Justice as to Defendant Jayson Harris. Jury Trial set for 1/3/2006 09:00 AM before Judge Unassigned. Pretrial Conference set for 12/20/2005 09:00 AM before Magistrate Judge Thomas J. Shields. Entered by Thomas J. Shields on 11/16/2005. (bp, ) (Entered: 11/16/2005) |

| 11/15/2005 | 21 | Text Minute Entry for proceedings held before Judge Thomas J. Shields : Pretrial Conference as to Jayson Harris held on 11/15/2005. Counsel for defendant has requested a continuance until the January 3, 2006, trial setting. Government does not object to a continuance. Court grants oral motion. Jury Trial set for 1/3/2006 09:00 AM before Judge Unassigned. Motions due by 12/9/2005. Pretrial Conference set for 12/20/2005 09:00 AM before Magistrate Judge Thomas J. Shields. (Tape #269 (5439-5518.)(Time: 9:43am-9:44am) (bp, ) (Entered: 11/15/2005) |
|---|---|---|
| 09/22/2005 | 20 | TEXT ORDER SETTING TRIAL as to Jayson Harris; Jury Trial set for 11/28/2005 09:00 AM before Judge Unassigned. Discovery due by 10/6/2005.Reciprocal Discovery due by 10/20/2005. Motions due by 11/8/2005. Pretrial Conference set for 11/15/2005 09:00 AM before Magistrate Judge Thomas J. Shields. Trial Notification due by 11/21/2005. Entered by Marjorie Krahn, Clerk on 9/22/2005. (bp, ) (Entered: 09/22/2005) |
| 09/22/2005 | 19 | Minute Entry for proceedings held before Judge Thomas J. Shields : Arraignment on the superseding indictment as to Jayson Harris (1) Count 1-75,76s,77s held on 9/22/2005. (Tape #270 (1397-1553.)(Time:9:21am-9:26am) (bp, ) (Entered: 09/22/2005) |
| 09/20/2005 | 18 | NOTICE filed by USA as to Jayson Harris re 15 Indictment (Barrows, Joel) (Entered: 09/20/2005) |
| 09/14/2005 | 17 | Minute Entry for proceedings held before Judge Thomas J. Shields : Grand Jury Presentment as to Jayson Harris held on 9/14/2005 Secret, letter to issue, Gov. requested Bond Time Begin 12:00 PM Time End 12:17 PM Deputy Clerk Rita Johnson (lh, ) (Entered: 09/14/2005) |
| 09/14/2005 | 16 | Redacted Indictment as to Jayson Harris. (lh, ) (Entered: 09/14/2005) |
| 09/14/2005 | 15 | *SEALED* SUPERSEDING INDICTMENT as to Jayson Harris (1) count (s) 76s, 77s. (lh, ) Modified on 9/19/2005 (Sealed entry) (fm, ). (Entered: 09/14/2005) |
| 08/24/2005 | 14 | ORDER FOR APPOINTMENT OF COUNSEL as to Jayson Harris; Kevin Ray Cmelik for Jayson Harris appointed. Entered by Thomas J. Shields on 8/24/2005. (bp, ) (Entered: 08/24/2005) |
| 08/24/2005 | 13 | CJA 23 Financial Affidavit by Jayson Harris (bp, ) (Entered: 08/24/2005) |
| 08/24/2005 | 12 | Minute Entry for proceedings held before Judge Thomas J. Shields : Bond Review Hearing as to Jayson Harris held on 8/24/2005. (Court Reporter Linda Egbers.)(Time:10:09am-10:16am) (bp, ) (Entered: 08/24/2005) |
| 08/24/2005 | 11 | TEXT ORDER SETTING TRIAL as to Jayson Harris Jury Trial set for 10/24/2005 09:00 AM before Judge Unassigned. Discovery due by 9/14/2005.Reciprocal Discovery due by 9/28/2005. Motions due by 10/7/2005. Pretrial Conference set for 10/11/2005 09:00 AM before Magistrate Judge Thomas J. Shields. Trial Notification due by 10/17/2005. Entered by Marjorie Krahn, Clerk on 8/24/2005. (bp, ) (Entered: 08/24/2005) |
| 08/24/2005 | 10 | Minute Entry for proceedings held before Judge Thomas J. Shields : Arraignment as to Jayson Harris (1) Count 1-75 held on 8/24/2005. (Court |

| | | |
|---|---|---|
| | | Reporter Linda Egbers.)(Time:10:04am-10:09am) (bp, ) (Entered: 08/24/2005) |
| 08/24/2005 | 9 | NOTICE AND CONSENT RE PLACE OF HOLDING COURT by Jayson Harris (bp, ) (Entered: 08/24/2005) |
| 08/23/2005 | 8 | NOTICE *of Government's Disclosure Statement* filed by USA as to Jayson Harris (Barrows, Joel) (Entered: 08/23/2005) |
| 08/22/2005 | 7 | NOTICE AND CONSENT RE PLACE OF HOLDING COURT by USA as to Jayson Harris (Barrows, Joel) (Entered: 08/22/2005) |
| 08/22/2005 | 6 | ORDER Setting Conditions of Release as to Jayson Harris (1) OR Bond . Entered by Thomas J. Shields on 8/22/2005. (bp, ) (Entered: 08/22/2005) |
| 08/22/2005 | 5 | Minute Entry for proceedings held before Judge Thomas J. Shields : Initial Appearance as to Defendant Jayson Harris held on 8/22/2005; Attorney Kevin Cmelik for defendant. Arraignment set for 8/24/2005 10:00 AM before Magistrate Judge Thomas J. Shields. (Tape #268 (2469-3075.) (Time:10:43am-10:57am) (bp, ) (Entered: 08/22/2005) |
| 08/22/2005 | | Case unsealed as to Jayson Harris (bp, ) (Entered: 08/22/2005) |
| 08/17/2005 | 4 | (Court only) Arrest Warrant Issued by R Johnson for Marjorie Krahn, Clerk in case as to Jayson Harris. (rmj) (Entered: 08/18/2005) |
| 08/17/2005 | 3 | Minute Entry for proceedings held before Judge Thomas J. Shields : Grand Jury Presentment as to Jayson Harris held on 8/17/2005 Secret, WARRANT to issue, Gov. requested Bond (Court Reporter NONE.) (rmj) (Entered: 08/18/2005) |
| 08/17/2005 | 2 | REDACTED Indictment by USA as to Jayson Harris to 1 Indictment (Sealed) (rmj) (Entered: 08/18/2005) |
| 08/17/2005 | 1 | *SEALED* SEALED INDICTMENT as to Jayson Harris (1) count(s) 1-75. (rmj) (Entered: 08/18/2005) |
| 08/17/2005 | | Judge update in case as to Jayson Harris. Judge Unassigned and Thomas J. Shields added. (rmj) (Entered: 08/18/2005) |

I DO HEREBY ATTEST AND CERTIFY THAT
THIS IS A TRUE AND FULL COPY OF THE
ORIGINAL.

DATE: 8/4/08
MARJORIE E. KRAHN
CLERK, U.S. DISTRICT COURT

BY:

DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF IOWA

RECEIVED
SEP 14 2005
CLERK U.S. DISTRICT COURT
SOUTHERN DISTRICT OF IOWA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | Criminal No. 3:05-cr-563 |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | SUPERSEDING INDICTMENT |
| | ) | T.18, U.S.C., § 2 |
| JAYSON HARRIS, | ) | T.18, U.S.C., §1029(a)(3) |
| | ) | T.18, U.S.C., §1029(c)(1)(C) |
| Defendant. | ) | T.18, U.S.C., §1029(c)(2) |
| | ) | T.18, U.S.C., §1343 |

**THE GRAND JURY CHARGES:**

**COUNTS 1 through75**
**(Wire Fraud)**

1. Commencing on or about January 4, 2003, the exact date being unknown to the Grand
Jury, and continuing until on or about June 21, 2004, in Scott County in the Southern District of
Iowa, and elsewhere, JAYSON HARRIS, willfully and knowingly devised and intended to
devise a scheme to obtain money and property, by means of materially false and fraudulent
pretenses, representations, promises and omissions of material fact, by obtaining credit card
account numbers and other personal information under false and fraudulent pretenses, and on or
about the dates shown below in the Southern District of Iowa, and elsewhere, the defendant,
JAYSON HARRIS, for the purpose of executing, and attempting to execute, the scheme and
artifice, did cause to be transmitted in interstate commerce certain wire communications, that is,
electronic mailings (e-mail) via the internet.

2. It was part of the scheme and artifice alleged herein that the defendant would and did
create a bogus MSN (a division of Microsoft Corporation) website, then sent e-mail to MSN
customers requesting that they visit said website and update their accounts by providing credit

card account numbers and other personal information, defendant providing the false incentive

that this would result in a fifty percent credit towards their next monthly bill.

    3. On or about the dates set forth below for each Count, in the Southern District of Iowa,

and elsewhere, defendant, JAYSON HARRIS, having devised the above-described scheme and

artifice to defraud and obtain money and property by means of materially false and fraudulent

pretenses, representations, promises and omissions of material fact for the purpose of executing

and in order to effect the scheme and artifice, did knowingly transmit and cause to be transmitted

in interstate commerce, by means of wire communication, certain signs, signals, and sounds, as

identified below, each such wire communication being a separate Count of this Indictment:

| Count | Date | Victim(identified by initials) | Transmission Means |
|---|---|---|---|
| 1. | During on or about January 4, 2003 through October 2, 2003 | PA | Electronic mail |
| 2. | During on or about January 4, 2003 through October 2, 2003 | AE | Electronic mail |
| 3. | During on or about January 4, 2003 through October 2, 2003 | AB | Electronic mail |
| 4. | During on or about January 4, 2003 through October 2, 2003 | AD | Electronic mail |
| 5. | During on or about January 4, 2003 through October 2, 2003 | AK | Electronic mail |
| 6. | During on or about January 4, 2003 through October 2, 2003 | AA | Electronic mail |
| 7. | During on or about January 4, 2003 through October 2, 2003 | EO | Electronic mail |
| 8. | During on or about January 4, 2003 through October 2, 2003 | AB | Electronic mail |
| 9. | During on or about January 4, 2003 through October 2, 2003 | RC | Electronic mail |
| 10. | During on or about January 4, 2003 through October 2, 2003 | JA | Electronic mail |
| 11. | During on or about January 4, 2003 through October 2, 2003 | AN | Electronic mail |
| 12. | During on or about January 4, 2003 through October 2, 2003 | PF | Electronic mail |
| 13. | During on or about January 4, 2003 through October 2, 2003 | AL | Electronic mail |
| 14. | During on or about January 4, 2003 through October 2, 2003 | FVA | Electronic mail |
| 15. | During on or about January 4, 2003 through October 2, 2003 | AB | Electronic mail |
| 16. | During on or about January 4, 2003 through October 2, 2003 | AJ | Electronic mail |
| 17. | During on or about January 4, 2003 through October 2, 2003 | AF | Electronic mail |
| 18. | During on or about January 4, 2003 through October 2, 2003 | DF | Electronic mail |
| 19. | During on or about January 4, 2003 through October 2, 2003 | AH | Electronic mail |
| 20. | During on or about January 4, 2003 through October 2, 2003 | AA | Electronic mail |
| 21. | During on or about January 4, 2003 through October 2, 2003 | BC | Electronic mail |
| 22. | During on or about January 4, 2003 through October 2, 2003 | AM | Electronic mail |
| 23. | During on or about January 4, 2003 through October 2, 2003 | AD | Electronic mail |

2

| 24. During on or about January 4, 2003 through October 2, 2003 | RC | Electronic mail |
| 25. During on or about January 4, 2003 through October 2, 2003 | RA | Electronic mail |
| 26. During on or about January 4, 2003 through October 2, 2003 | CP | Electronic mail |
| 27. During on or about January 4, 2003 through October 2, 2003 | AB | Electronic mail |
| 28. During on or about January 4, 2003 through October 2, 2003 | JH | Electronic mail |
| 29. During on or about January 4, 2003 through October 2, 2003 | JV | Electronic mail |
| 30. During on or about January 4, 2003 through October 2, 2003 | AW | Electronic mail |
| 31. During on or about January 4, 2003 through October 2, 2003 | AJ | Electronic mail |
| 32. During on or about January 4, 2003 through October 2, 2003 | VW | Electronic mail |
| 33. During on or about January 4, 2003 through October 2, 2003 | AA | Electronic mail |
| 34. During on or about January 4, 2003 through October 2, 2003 | SM | Electronic mail |
| 35. During on or about January 4, 2003 through October 2, 2003 | AK | Electronic mail |
| 36. During on or about January 4, 2003 through October 2, 2003 | EA | Electronic mail |
| 37. During on or about January 4, 2003 through October 2, 2003 | WH | Electronic mail |
| 38. During on or about January 4, 2003 through October 2, 2003 | JB | Electronic mail |
| 39. During on or about January 4, 2003 through October 2, 2003 | VB | Electronic mail |
| 40. During on or about January 4, 2003 through October 2, 2003 | AR | Electronic mail |
| 41. During on or about January 4, 2003 through October 2, 2003 | AS | Electronic mail |
| 42. During on or about January 4, 2003 through October 2, 2003 | AS | Electronic mail |
| 43. During on or about January 4, 2003 through October 2, 2003 | SS | Electronic mail |
| 44. During on or about January 4, 2003 through October 2, 2003 | LB | Electronic mail |
| 45. During on or about January 4, 2003 through October 2, 2003 | AS | Electronic mail |
| 46. During on or about January 4, 2003 through October 2, 2003 | JS | Electronic mail |
| 47. During on or about January 4, 2003 through October 2, 2003 | AF | Electronic mail |
| 48. During on or about January 4, 2003 through October 2, 2003 | AS | Electronic mail |
| 49. During on or about January 4, 2003 through October 2, 2003 | AU | Electronic mail |
| 50. During on or about January 4, 2003 through October 2, 2003 | AW | Electronic mail |
| 51. During on or about January 4, 2003 through October 2, 2003 | AC | Electronic mail |
| 52. During on or about January 4, 2003 through October 2, 2003 | AH | Electronic mail |
| 53. During on or about January 4, 2003 through October 2, 2003 | AL | Electronic mail |
| 54. During on or about January 4, 2003 through October 2, 2003 | PR | Electronic mail |
| 55. During on or about January 4, 2003 through October 2, 2003 | AN | Electronic mail |
| 56. During on or about January 4, 2003 through October 2, 2003 | AM | Electronic mail |
| 57. During on or about January 4, 2003 through October 2, 2003 | AK | Electronic mail |
| 58. During on or about January 4, 2003 through October 2, 2003 | AK | Electronic mail |
| 59. During on or about January 4, 2003 through October 2, 2003 | GS | Electronic mail |
| 60. During on or about January 4, 2003 through October 2, 2003 | NH | Electronic mail |
| 61. During on or about January 4, 2003 through October 2, 2003 | AJ | Electronic mail |
| 62. During on or about January 4, 2003 through October 2, 2003 | MW | Electronic mail |
| 63. During on or about January 4, 2003 through October 2, 2003 | AA | Electronic mail |
| 64. During on or about January 4, 2003 through October 2, 2003 | AC | Electronic mail |
| 65. During on or about January 4, 2003 through October 2, 2003 | DC | Electronic mail |

66. During on or about January 4, 2003 through October 2, 2003    JD        Electronic mail
67. During on or about January 4, 2003 through October 2, 2003    WG        Electronic mail
68. During on or about January 4, 2003 through October 2, 2003    AM        Electronic mail
69. During on or about January 4, 2003 through October 2, 2003    FM        Electronic mail
70. During on or about January 4, 2003 through October 2, 2003    AM        Electronic mail
71. During on or about January 4, 2003 through October 2, 2003    A(LNU)    Electronic mail
72. During on or about January 4, 2003 through October 2, 2003    ER        Electronic mail
73. During on or about January 4, 2003 through October 2, 2003    AS        Electronic mail
74. During on or about January 4, 2003 through October 2, 2003    TS        Electronic mail
75. During on or about January 4, 2003 through October 2, 2003    AT        Electronic mail

These are violations of Title 18, United States Code, Sections 1343 and 2.

**THE GRAND JURY FURTHER CHARGES:**

### COUNT 76
### (Fraud and Related Activity in Connection with Access Devices)

Commencing on or about October 1, 2003, the exact date being unknown to the Grand

Jury, and continuing until on or about July 1, 2004, in Scott County in the Southern District of

Iowa, and elsewhere, the defendant, JAYSON HARRIS, knowingly and with the intent to

defraud, possessed fifteen or more credit card account numbers, which are unauthorized access

devices, said activity affecting interstate commerce.

This is a violation of Title 18, United States Code, Sections 1029(a)(3) and 2.

4

**THE GRAND JURY FURTHER CHARGES:**

## COUNT 77
### (Forfeiture)

1.      The allegations contained in Count 76 of this Indictment are hereby realleged and incorporated by reference for the purpose of alleging forfeitures, pursuant to the provisions of Title 18, United States Code, Sections 1029(c)(1)(C) and (c)(2).

2.      From his engagement in any or all of the violations alleged in Count 76 of this Indictment, the defendant, JAYSON HARRIS, shall forfeit to the United States, pursuant to Title 18, United States Code, Section 1029(c)(1)(C), all interest in:

> a.      any personal property used or intended to be used to
>
> commit the offense.

3.      The property referenced in paragraph 2, subparagraph a above includes, but is not limited to, computer hardware such as monitors, central processing units, and keyboards, computer programs, software, computer storage devices such as disk drive units, disks, tapes, and hard disk drives/units, peripherals, modems and other telephonic and acoustical equipment, printers, contents of memory data contained in and through the aforementioned hardware and software, tools, equipment, manuals and documentation for the assembly and use of the aforementioned hardware and software.

4.      If, as a result of any act or omission of the defendant, JAYSON HARRIS, any of the property described above as being subject to forfeiture:

> a.      cannot be located upon the exercise of due
>
> diligence;

    b.    has been transferred or sold to, or deposited with, a

              third person;

    c.    has been placed beyond the jurisdiction of the

              Court;

    d.    has been substantially diminished in value; or

    e.    has been commingled with other property which

              cannot be subdivided without difficulty;

it is the intent of the United States, pursuant to Title 18, United States Code, Sections

1029(c)(1)(C) and (c)(2), to seek forfeiture of any other property of the defendant, JAYSON

HARRIS, up to the value of any forfeitable property described above.

      All pursuant to Title 18, United States Code, Sections 1029(c)(1)(C) and (c)(2).

**A TRUE BILL.**

FOREPERSON

Matthew G. Whitaker
United States Attorney

By: /s/ Joel W. Barrows
    Joel W. Barrows
    Assistant United States Attorney

DO HEREBY ATTEST AND **CERTIFY THAT**
THIS IS A TRUE AND FULL COPY OF THE
           ORIGINAL.
DATE: 8/4/08
MARJORIE E. KRAHN
CLERK, U.S. DISTRICT COURT
BY:
           DEPUTY CLERK

6

AO 245B    (Rev. 06/05) Judgment in a Criminal Case
            Sheet 1

# UNITED STATES DISTRICT COURT

|  SOUTHERN | District of | IOWA |
|---|---|---|

| UNITED STATES OF AMERICA | **JUDGMENT IN A CRIMINAL CASE** |
|---|---|
| **V.** | |
| Jayson Harris | Case Number:   05-563 |
| | USM Number:   08066-030 |
| | Kevin Cmelik |
| | Defendant's Attorney |

## THE DEFENDANT:

☒ pleaded guilty to count(s)    28 and 76

☐ pleaded nolo contendere to count(s)
which was accepted by the court.

☐ was found guilty on count(s)
after a plea of not guilty.

The defendant is adjudicated guilty of these offenses:

| Title & Section | Nature of Offense | Offense Ended | Count |
|---|---|---|---|
| 18:1343 | Wire Fraud | 10-02-2003 | 28 |
| 18:1029(a)(3) | Fraud and Related Activity in Connection with Access Devices | 10-02-2003 | 76 |

The defendant is sentenced as provided in pages 2 through ___7___ of this judgment. The sentence is imposed pursuant to the Sentencing Reform Act of 1984.

☐ The defendant has been found not guilty on count(s)

☒ Count(s)  1-27 and 29-75          ☐ is    ☒ are  dismissed on the motion of the United States.

It is ordered that the defendant must notify the United States attorney for this district within 30 days of any change of name, residence, or mailing address until all fines, restitution, costs, and special assessments imposed by this judgment are fully paid. If ordered to pay restitution, the defendant must notify the court and United States attorney of material changes in economic circumstances.

May 19, 2006
Date of Imposition of Judgment

Signature of Judge

Harold D. Vietor, Senior U. S. District Judge
Name and Title of Judge

May 19, 2006
Date

AO 245B    (Rev. 06/05) Judgment in Criminal Case
           Sheet 2 — Imprisonment

DEFENDANT:       Jayson Harris
CASE NUMBER:     05-563

## IMPRISONMENT

The defendant is hereby committed to the custody of the United States Bureau of Prisons to be imprisoned for a total term of:        21 months on each of counts 28 and 76, to run concurrently.

X   The court makes the following recommendations to the Bureau of Prisons:
    Imprison defendant in a suitable institute near eastern Iowa.

☐   The defendant is remanded to the custody of the United States Marshal.

    The defendant shall surrender to the United States Marshal for this district:

    ☐    at  _____  ☐ a.m.   ☐ p.m.   on  _____  .

    ☐    as notified by the United States Marshal.

X   The defendant shall surrender for service of sentence at the institution designated by the Bureau of Prisons:

    ☐    before 2 p.m. on     July 3, 2006                          .

    ☐    as notified by the United States Marshal.

    ☐    as notified by the Probation or Pretrial Services Office.

## RETURN

I have executed this judgment as follows:


Defendant delivered on  _____  to  _____

a _____  , with a certified copy of this judgment.


_____
                          UNITED STATES MARSHAL

                   By  _____
                          DEPUTY UNITED STATES MARSHAL

AO 245B    (Rev. 06/05) Judgment in a Criminal Case
Sheet 3 — Supervised Release

Judgment—Page ___3___ of ___7___

DEFENDANT:        Jayson Harris
CASE NUMBER:      05-563

## SUPERVISED RELEASE

Upon release from imprisonment, the defendant shall be on supervised release for a term of :      three years on each of counts 28 and 76, to run concurrently.

    The defendant must report to the probation office in the district to which the defendant is released within 72 hours of release from the custody of the Bureau of Prisons.

The defendant shall not commit another federal, state or local crime.

The defendant shall not unlawfully possess a controlled substance. The defendant shall refrain from any unlawful use of a controlled substance. The defendant shall submit to one drug test within 15 days of release from imprisonment and at least two periodic drug tests thereafter, as determined by the court.

☒ The above drug testing condition is suspended, based on the court's determination that the defendant poses a low risk of future substance abuse. (Check, if applicable.)

☒ The defendant shall not possess a firearm, destructive device, or any other dangerous weapon. (Check, if applicable.)

☒ The defendant shall cooperate in the collection of DNA as directed by the probation officer. (Check, if applicable.)

☐ The defendant shall register with the state sex offender registration agency in the state where the defendant resides, student, as directed by the probation officer. (Check, if applicable.)

☐ The defendant shall participate in an approved program for domestic violence. (Check, if applicable.)

    If this judgment imposes a fine or restitution, it is a condition of supervised release that the defendant pay in accordance with the Schedule of Payments sheet of this judgment.

    The defendant must comply with the standard conditions that have been adopted by this court as well as with any additional conditions on the attached page.

## STANDARD CONDITIONS OF SUPERVISION

1) the defendant shall not leave the judicial district without the permission of the court or probation officer;

2) the defendant shall report to the probation officer and shall submit a truthful and complete written report within the first five days of each month;

3) the defendant shall answer truthfully all inquiries by the probation officer and follow the instructions of the probation officer;

4) the defendant shall support his or her dependents and meet other family responsibilities;

5) the defendant shall work regularly at a lawful occupation, unless excused by the probation officer for schooling, training, or other acceptable reasons;

6) the defendant shall notify the probation officer at least ten days prior to any change in residence or employment;

7) the defendant shall refrain from excessive use of alcohol and shall not purchase, possess, use, distribute, or administer any controlled substance or any paraphernalia related to any controlled substances, except as prescribed by a physician;

8) the defendant shall not frequent places where controlled substances are illegally sold, used, distributed, or administered;

9) the defendant shall not associate with any persons engaged in criminal activity and shall not associate with any person convicted of a felony, unless granted permission to do so by the probation officer;

10) the defendant shall permit a probation officer to visit him or her at any time at home or elsewhere and shall permit confiscation of any contraband observed in plain view of the probation officer;

11) the defendant shall notify the probation officer within seventy-two hours of being arrested or questioned by a law enforcement officer;

12) the defendant shall not enter into any agreement to act as an informer or a special agent of a law enforcement agency without the permission of the court; and

13) as directed by the probation officer, the defendant shall notify third parties of risks that may be occasioned by the defendant's criminal record or personal history or characteristics and shall permit the probation officer to make such notifications and to confirm the defendant's compliance with such notification requirement.

AO 245B    (Rev. 06/05) Judgment in a Criminal Case
           Sheet 3A — Supervised Release

Judgment—Page __4__ of __7__

DEFENDANT:       Jayson Harris
CASE NUMBER:     05-563

## ADDITIONAL SUPERVISED RELEASE TERMS

Restitution in the amount of $57,294.07 is ordered.   You shall cooperate with the Probation Officer in developing a monthly payment plan consistent with a schedule of allowable expenses provided by the Probation Office.  You shall provide the Probation Office access to any financial records including income tax returns, and checking accounts.  You shall not enter into any financial agreement, incur new credit charges, open additional lines of credit, or checking account, or make any purchases in excess of $500 without approval of the U. S. Probation Officer.  You may be required to participate in an IRS offset program which may include the garnishment of wages, or seizure of all or part of any income tax refund to be applied toward the restitution balance.  You may be required to participate in the Treasury Offset Program which would include the seizure of any government payment to be applied toward the restitution balance.  In addition, you may be subject to wage garnishment.

AO 245B  (Rev. 06/05) Judgment in a Criminal Case
         Sheet 4 — Criminal Monetary Penalties

|  |  |
|---|---|
| | Judgment — Page __5__ of __7__ |

DEFENDANT:        Jayson Harris
CASE NUMBER:      05-563

## CRIMINAL MONETARY PENALTIES

The defendant must pay the total criminal monetary penalties under the schedule of payments on

|  | **Assessment** | **Fine** | **Restitution** |
|---|---|---|---|
| **TOTALS** | $ 200.00 | $ -0- | $ 57,294.07 |

☐    The determination of restitution is deferred _____ . An *Amended Judgment in a Criminal Case* (AO 245C) will be
after such determination.

☒    The defendant must make restitution (including community restitution) to the following payees in the amount listed below.

If the defendant makes a partial payment, each payee shall receive an approximately proportioned payment, unless specified
otherwise in the priority order or percentage payment column below. However, pursuant to 18 U.S.C. § 3664(i), all nonfederal
victims must be paid before the United States is paid.

| **Name of Payee** | **Total Loss\*** | **Restitution Ordered** | **Priority or Percentage** |
|---|---|---|---|
| Microsoft Corporation<br>ATT: Scott J. Stein<br>One Microsoft Way<br>Redmond, WA 98052 | $26,821.03 | $26,821.03 | |
| Wells Fargo Bank<br>ATT: Val Batiste<br>MAC A0101-042<br>420 Montgomery St., 4th Fl.<br>San Francisco, CA 94104 | $19,200.00 | $19,200.00 | |
| Direct Merchants Bank<br>ATT: Roger Long<br>P.O. Box 21460<br>Tulsa, OK 74121-1460 | $250.00 | $250.00 | |
| SunTrust Bankcard<br>ATT: Bo Montalvo<br>MC: FL-Orlando-9117<br>7455 Chancellor Dr.<br>Orlando, FL 32809 | $87.50 | $87.50 | |
| Y-12 Federal Credit Union<br>ATT: Peggy Phillips<br>500 Lafayette Drive<br>Oak Ridge, TN 37830 | $150.00 | $150.00 | |
| HSBC Card Services<br>ATT: Marty Goss<br>P.O. Box 80055<br>Salinas, CA 93912 | $250.00 | $250.00 | |
| Northeast Credit Union<br>ATT: Denise Huot<br>100 Borthwick Avenue<br>P.O. Box 1240<br>Portsmouth, NH 03802-1240 | $150.00 | $150.00 | |
| USAA Federal Savings Bank<br>ATT: Madelyn Garner<br>10750 McDermott Freeway<br>San Antonio, TX 78288-0544 | $679.00 | $679.00 | |

AO 245B    (Rev. 06/05) Judgment in a Criminal Case
           Sheet 5A — Criminal Monetary Penalties

| | | Judgment—Page 6 of 7 |
|---|---|---|
| DEFENDANT: | Jayson Harris | |
| CASE NUMBER: | 05-563 | |

# ADDITIONAL TERMS FOR CRIMINAL MONETARY PENALTIES

| Name of Payee | Total Loss* | Restitution Ordered | Priority or Percentage |
|---|---|---|---|
| Chase BankCard Services<br>ATT: John Issitt<br>P. O. Box 29073<br>Phoenix, AZ 85038 | $117.59 | $117.59 | |
| American Express<br>ATT: Robbie Henegar<br>602 Sawyer, Ste. 440<br>Houston, TX 77007 | $9,294.00 | $9,294.00 | |
| TCF Bank<br>ATT: Toni Evans<br>401 East Liberty<br>Ann Arbor, MI 48104 | $126.00 | $126.00 | |
| Merrill Lynch<br>ATT: Richard Mandel<br>222 Broadway<br>Second floor<br>New York, NY 10038 | $168.95 | $168.95 | |
| **TOTALS** | $ 57,294.07 | $ 57,294.07 | |

☒   Restitution amount ordered pursuant to plea agreement  $57,294.07

☐   The defendant must pay interest on restitution and a fine of more than $2,500, unless the restitution or fine is paid in full

☒   The court determined that the defendant does not have the ability to pay interest and it is ordered that:

   ☒   the interest requirement is waived for    ☐ fine   ☒ restitution.

   ☐   the interest requirement for    ☐ fine   ☐ restitution is modified as follows:

* Findings for the total amount of losses are required under Chapters 109A, 110, 110A, and 113A of Title 18 for offenses committed on or after September 13, 1994, but before April 23, 1996.

AO 245B    (Rev. 06/05) Judgment in a Criminal Case
           Sheet 5 — Schedule of Payments

Judgment — Page ___7___ of ___7___

DEFENDANT:        Jayson Harris
CASE NUMBER:      05-563

# SCHEDULE OF PAYMENTS

Having assessed the defendant's ability to pay, payment of the total criminal monetary penalties

**A** ☒ Lump sum payment of $ ___200.00___ due immediately, balance due

  ☐ not later than _____ , or
  ☒ in accordance    ☐ C,   ☐ D,   ☐ E, or   ☒ F below; or

**B** ☐ Payment to begin immediately (may be combined with   ☐ C,   ☐ D, or   ☐ F below); or

**C** ☐ Payment in equal _____ (e.g., weekly, monthly, quarterly) installments of $ _____ over a period of
         _____ (e.g., months or years), to commence _____ (e.g., 30 or 60 days) after the date of this judgment; or

**D** ☐ Payment in equal _____ (e.g., weekly, monthly, quarterly) installments of $ _____ over a period of
         _____ (e.g., months or years), to commence _____ (e.g., 30 or 60 days) after release from imprisonment to a
         term of supervision; or

**E** ☐ Payment during the term of supervised release will commence within _____ (e.g., 30 or 60 days) after release from
         imprisonment. The court will set the payment plan based on an assessment of the defendant's ability to pay at that time; or

**F** ☒ Special instructions regarding the payment of criminal monetary penalties:

         All criminal monetary penalty payments are to be made to the Clerk's Office, U. S. District Court, P. O. Box 9344, Des Moines,
         IA 50306-9344.

         While on supervised release, you shall cooperate with the Probation Officer in developing a monthly payment plan consistent with
         a schedule of allowable expenses provided by the Probation Office.

Nothing in this judgment shall be construed as a limitation on the authority of the United States to apply to the Court for a writ of
garnishment subject to the approval of the Court in accordance with the Federal Debt Collection Procedure Act, 28 U.S.C. §§3301, et seq.,
or applicable State law, during the time period that the defendant is incarcerated or under supervision pursuant to this judgment. (See 18
U.S.C. §3664(m)).

Nothing in this judgment shall be construed as a limitation or restriction on the authority of the Bureau of Prisons to require additional
payments as a condition for an assignment or for participation in any program.

Unless the court has expressly ordered otherwise, if this judgment imposes imprisonment, payment of criminal monetary penalties is due during
imprisonment. All criminal monetary penalties, except those payments made through the Federal Bureau of Prisons' Inmate Financial
Responsibility Program, are made to the clerk of the court.

The defendant shall receive credit for all payments previously made toward any criminal monetary penalties imposed.

☐ Joint and Several

     Defendant and Co-Defendant Names and Case Numbers (including defendant number), Total Amount, Joint and Several Amount,
     and corresponding payee, if appropriate.

☐ The defendant shall pay the cost of prosecution.

☐ The defendant shall pay the following court cost(s):

☐ The defendant shall forfeit the defendant's interest in the following property to the

I DO HEREBY ATTEST AND CERTIFY THAT
THIS IS A TRUE AND FULL COPY OF THE
                        ORIGINAL.
DATE: _____
MARIO E. KRAHN
CLERK, U.S. DISTRICT COURT
BY: _____
         DEPUTY CLERK

Payments shall be applied in the following order: (1) assessment, (2) restitution principal, (3) restitution interest, (4) fine principal,
(5) fine interest, (6) community restitution, (7) penalties, and (8) costs, including cost of prosecution and court costs.